JOHNSON INDUSTRIAL SALES,
INC., Plaintiff–Appellant,

v.

STREMA SALES CORP.,
etc., Defendant,

TRW Vehicle Safety Systems,
Inc., Defendant–Appellee.

No. 04–56257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed March 16, 2007.

Chad Biggins, Esq., Santa Monica, CA, for Plaintiff–Appellant.

Richard P. Ormond, Esq., Buchalter Nemer Fields & Younger, APC, George E. Schulman, Esq., Danning Gill Diamond & Kollitz, Los Angeles, CA, for Defendant.

Fred G. Bennett, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: CUDAHY,* GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Johnson Industrial Sales, Inc. ("JIS") brought the present lawsuit against TRW Vehicle Safety Systems, Inc. ("TRW") alleging inducement of breach of contract and tortious interference with the contract it had with its principal, Wayne Wire Cloth Products, Inc. a/k/a Strema Sales Corporation ("Wayne Wire"). JIS appeals a number of the district court's decisions. We affirm in part, reverse in part, and remand for reinstatement of the jury verdict with recalculation of the offset.

1. The district court erred in granting TRW's Federal Rule of Civil Procedure 50(b) motion as to lost profits.

■ We review a district court's grant of a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) de novo. *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir.2002). "The test is whether the evidence construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Id.* (quotation marks omitted).

In order to establish lost profits, JIS "must show loss of net pecuniary gain, not just loss of gross revenue." *Kids' Universe v. In2Labs*, 95 Cal.App.4th 870, 116 Cal.Rptr.2d 158, 169 (2002). However, uncertainty as to the precise amount is not a bar to recovery. *Id.* at 168. The district court concluded that JIS had failed to provide sufficient evidence of costs and therefore had failed to prove lost profits (as opposed to lost commissions or lost revenue).

The contract between JIS and Wayne Wire provided for a 5% commission on all sales. The agreement provides that even in the event of termination, JIS was to receive this commission on all orders received by Wayne Wire prior to the effective date of termination. JIS's expert witness, Jason Engel, estimated the loss of commissions solely from existing accounts to be $1,443,424. He further testified that any post-sale expenses by JIS would have been "insignificant." [1] TRW offered no ev-

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, is sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Only post-sale expenses, and not up-front costs in selling the program, should be con-

idence to rebut Jason Engel's testimony. Moreover, the contract between Wayne Wire and JIS did not require JIS to expend any additional resources after the sale of the program in order to receive commissions. Therefore, we find that a reasonable jury could have found that JIS's expenses were negligible and either factored a negligible amount of costs into its lost profits' determination or determined that JIS's lost commissions equaled lost profits.

TRW asks us to consider alternative grounds of affirmance of the district court's grant of the Rule 50(b) motion. TRW raises the same arguments that were rejected by the district court, namely, lack of causation and invocation of the common interest privilege. The record supports the jury's finding of causation and that the common interest privilege is not applicable to the present case.

2.  The district court did not err in granting TRW's motion for summary judgment as to punitive damages.

We review the district court's grant of partial summary judgment de novo. *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1116 (9th Cir.2004). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Under California law, punitive damages are allowed "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1).

JIS argues that Linda Nehrbas's statement to Dave Brown at Wayne Wire requesting that Doug Johnson stop contacting TRW constituted malice. This argument fails for two reasons.[2] First, Nehrbas's statement does not reach the heightened level of burden of proof of clear and convincing evidence of an intent to "cause injury" to the plaintiff or of "despicable conduct." *Id.* § 3294(c)(1). Second, JIS has failed to prove that the alleged malice of Linda Nehrbas should be imputed to TRW. Namely, JIS failed to prove that Nehrbas was a manager; nor did JIS prove that an officer, director or managing agent in any way ratified the wrongful conduct. *Id.* § 3294(b).

3.  The district court did not err in granting a directed verdict on JIS's reputation damages claim.

We review a district court's ruling on a Federal Rule of Civil Procedure 50(a) mo-

---

sidered in determining lost profits because lost profits equal lost commissions less the post-termination expenses JIS would have saved as a result of not having to perform under the Wayne Wire contract.

2.  The fact that the trial court refused to grant the Rule 50(a) motion on the common interest privilege ground—which also contains a mali-

ciousness element—is of no import to the issue of punitive damages. The district court's determination that there was sufficient evidence of malice at trial to defeat the common interest privilege does not prove sufficient evidence of malice to support punitive damages because of the heightened burden of proof required of the latter.

tion de novo. *See Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1060 (9th Cir.2000). "In reviewing a JMOL, we must view the evidence in the light most favorable to the non-moving party and draw every reasonable inference therefrom in the non-moving party's favor." *Id.*

■ JIS has produced no evidence to show that its customers or potential customers were even aware of TRW's dictate, let alone that JIS's reputation was harmed because of TRW's actions. The fact that JIS's reputation is important to its business without more is not sufficient to prove damage to its reputation. Therefore, the district court did not err in granting TRW's Rule 50(a) motion as to reputation damages.

4.  The district court did not err in offsetting the jury award by the amount of JIS's settlement with Wayne Wire but did err in calculating the post-offset amount.

■ Whether the district court properly construed a state statute is a question of law reviewed de novo. *See Fed. Sav. & Loan Ins. Corp. v. Butler,* 904 F.2d 505, 510 (9th Cir.1990).

California Code of Civil Procedure § 877 provides in pertinent part:

Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . .:

(a) It shall . . . reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.

JIS contends that section 877 should not apply since the settlement with Wayne Wire concerned contract claims, not tort claims, and therefore Wayne Wire is not a joint-tortfeasor. We are not persuaded by this argument. Although California courts have not addressed the specific issue raised by JIS, the courts have focused on whether the actions arose from "one indivisible injury" and have applied section 877 to those actions. *See May v. Miller,* 228 Cal.App.3d 404, 278 Cal.Rptr. 341, 344 (1991); *see also Lafayette v. County of Los Angeles,* 162 Cal.App.3d 547, 208 Cal.Rptr. 668, 672 (1984). Here, the lawsuits against Wayne Wire and TRW arose from the same injury. Moreover, JIS's complaint against Wayne Wire included tort claims, which were subsequently dismissed. The district court's decision to reduce JIS's jury verdict by the amount of its settlement with Wayne Wire also makes sense in light of section 877's purpose to ensure "that a plaintiff will not be enriched unjustly by a double recovery." *Reed v. Wilson,* 73 Cal.App.4th 439, 86 Cal.Rptr.2d 510, 513 (1999). It is undisputed, however, that the district court miscalculated the offset, depriving JIS of $750.00.

In conclusion, we reverse the district court's grant of TRW's Rule 50(b) motion as to lost profits and remand for reinstatement of the jury award. We affirm the district court's grant of TRW's motion for summary judgment as to the punitive damages claim and the court's grant of TRW's Rule 50(a) motion as to the damage to reputation claim. We also affirm the district court's offset of the jury award by the amount of JIS's settlement with Wayne Wire; however, we remand for recalculation of the final judgment.

The parties shall bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

